UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **JAMES E. CARVER,** | : Case No. 1:22-cv-132 |
| Petitioner, | : |
| vs. | : District Judge Douglas R. Cole |
| | : Magistrate Judge Chelsey M. Vascura |
| **WARDEN, ALLEN OAKWOOD CORRECTIONAL INSTITUTION,** | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Allen Oakwood Correctional Institution who is proceeding without counsel, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his Highland County, Ohio, convictions. (ECF No. 3). Petitioner raises two grounds for relief, both of which the parties agree he exhausted. Petitioner seeks a stay, however, to exhaust additional claims that are not included in his petition. This matter is before the Court for consideration of Petitioner's Motion for Leave to Stay the Proceedings (ECF No. 4) and Respondent's unopposed Motion to Dismiss the Petition Without Prejudice (ECF No. 6). For the reasons that follow, the undersigned **RECOMMENDS** that Petitioner's Motion to Stay (ECF No. 4) be **DENIED** and that Respondent's unopposed Motion to Dismiss (ECF No. 6) be **GRANTED**.

In his Motion to Stay, Petitioner requests a stay in order to permit him to exhaust claims that have not been asserted in his petition. Petitioner represents that he has raised these claims in state court through either a motion to reopen his direct appeal or a post-conviction motion and further acknowledges that these state-court proceedings remain pending. (*See* ECF No. 3, at

PageID ## 26-28).  The Court's review of the relevant state-court proceedings confirms that the collateral state-court proceedings remain pending.  *See* Highland County Court of Common Pleas docket records, *available at* https://eaccess.hccpc.org/eservices/home.page.12.  This Court takes judicial notice of the relevant state-court records in accordance with Federal Rule of Evidence 201.  *See* Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (noting that courts may take judicial notice of state-court records) (citation omitted).

Respondent opposes a stay, instead advocating that a dismissal without prejudice is warranted because:  (1) the "AEDPA one-year statute of limitations has yet to begin running"; (2) "an outright dismissal without prejudice furthers the Court's interest in avoiding piecemeal litigation while promoting comity and permitting [Petitioner] to fully exhaust his state court remedies"; and (3) "[i]n the event [Petitioner] is ultimately successful in either his post-conviction proceedings and/or his reopened appeal, his criminal conviction(s) upon which this Court's jurisdiction is based may be affected." (ECF No. 6, at PageID ## 58, 69-70).  The undersigned agrees.

This is not a "mixed petition" case involving exhausted and unexhausted claims.  *See generally Rhines v. Weber*, 544 U.S. 269 (2005).  Rather, as noted above, Petitioner and Respondent agree that Petitioner presented and exhausted both grounds for relief that he advances in his habeas petition to the state courts. (*See* ECF No. 3, at PageID ## 29-30 (Petition); ECF No. 5, at PageID # 43 (Respondent's Opposition to Petitioner's Motion for Stay).  Consequently, the stay Petitioner requests is not appropriate.  *See Martin v. Warden, Lebanon Corr. Inst.*, No. 1:12CV458, 2013 WL 6087007, at *3 (S.D. Ohio Nov. 19, 2013) (citing cases)

(Litkovitz, M.J.), *adopted*, 2014 WL 1271020 (S.D. Ohio Mar. 27, 2014) (Barrett, J.) ("Because the present case does not involve a 'mixed' petition containing both exhausted and unexhausted claims, the stay-and-abeyance procedure is inapplicable and would only apply if petitioner were allowed to amend the petition to include an unexhausted claim as an additional ground for federal habeas relief."). In addition, as Respondent explains (*see* ECF No. 6, at PageID 67), it does not appear that the one-year statute of limitations period under 28 U.S.C. § 2244(d)(1) has begun to run or will prevent Petitioner from filing a new habeas corpus action after he has completed his state-court proceedings involving the additional claims he would like to raise in federal court.[1] Thus, the justifications for employing the "stay and abeyance" procedure that Petitioner seeks are not present in this case. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Finally, although the Court is not required to dismiss the petition under the circumstances

---

[1]A petitioner seeking relief under § 2254 must file his petition within one year of the date on which his state-court conviction became final, subject to tolling. *Carey v. Saffold*, 536 U.S. 214, 216-17 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). It appears that Petitioner's underlying convictions became final on July 27, 2021, when the 90-day period expired to seek a writ of *certiorari* in the United States Supreme Court from the Ohio Supreme Court's decision declining further review of his direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012); (*see also* ECF No. 3, at PageID 25-26, (Petition), indicating that the Ohio Supreme Court declined review of Petitioner's direct appeal on April 27, 2021, and that Petitioner did not seek a writ of *certiorari* in the United States Supreme Court).) As to the statute of limitations in this case, Respondent explains that is has not yet begun to run because:

> Prior to his conviction becoming final, the docket for [Petitioner's] criminal case in Highland County Court of Common Pleas Case No. 19 CR 0053 indicates that, on July 20, 2020, he filed a timely petition for post-conviction relief pursuant to [Ohio Revised Code §] 2953.21. The trial court, on August 25, 2020, rejected the petition for post-conviction relief. The docket for the Fourth District Court of Appeals in Case No. 20 CA 0010, indicates that [Petitioner's] appeal of the denial of his post-conviction petition remains pending.
>
> In the meantime, the docket for [Petitioner's] direct appeal in the Fourth District Court of Appeals Case No. 19 CA 017 indicates that on November 8, 2021, the court granted [Petitioner's] application to reopen his direct appeal pursuant to [Ohio] App. R. 26(B). The docket further indicates that briefing is yet to occur in this pending appeal.

(ECF No. 6, at PageID 67; *see also* ECF No. 6, at PageID 58 ("[Petitioner's] pending state collateral actions have tolled the . . . statute of limitations such that it has yet to run even one day.")).

3

...

x

of this case, *see Jones v. Parks*, 734 F.2d 1142, 1145 (6th Cir. 1984), the undersigned agrees with Respondent that dismissal without prejudice to refiling after resolution of his state-court proceedings will reduce piecemeal litigation and conserve judicial resources. Notably, Petitioner has not opposed such a dismissal without prejudice. For these reasons, it is **RECOMMENDED** that Petitioner's Motion to Stay (ECF No. 4) be **DENIED** and that Respondent's unopposed Motion to Dismiss Without Prejudice (ECF No. 6) be **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE