UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES E. CARVER,
       Petitioner,

v.

WARDEN, ALLEN OAKWOOD
CORRECTIONAL INSTITUTION,
       Respondent.

Case No. 1:22-cv-132
JUDGE DOUGLAS R. COLE
Magistrate Judge Vascura

## ORDER

This cause is before the Court on the Magistrate Judge's July 26, 2022, Report and Recommendation ("R&R," Doc. 7) advising the Court to: (1) deny Petitioner James E. Carver's Motion to Stay Petition (2254) (Doc. 4), and (2) grant Respondent Warden of the Allen Oakwood Correction Institution's Motion to Dismiss Petition (Doc. 6). For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 7). In so doing, the Court **DENIES** Carver's Motion to Stay Petition (2254) (Doc. 4), and **GRANTS** the Warden's Motion to Dismiss Petition (Doc. 6). Accordingly, the Court **DISMISSES** Carver's Petition (Doc. 3) **WITHOUT PREJUDICE**.

Carver, an inmate at the Allen Oakwood Correctional Institution in Lima, Ohio, initiated this proceeding on March 15, 2022, requesting habeas relief under 28 U.S.C. § 2254. (Doc. 3). Proceeding pro se, he challenges his August 9, 2019, conviction for murder, rape, tampering with evidence, and possessing a firearm under disability. (*Id.* at #24). In the instant petition, Carver raises two grounds for relief:

> **Ground One:** Trial Court allowed unredacted interview to be played without redacting discussion of sex.
>
> **Ground Two:** Sufficiency of the evidence as to rape an[d] murder.

(*Id.* at #28–30). Before the Warden could respond, Carver moved for a stay of proceedings. (Doc. 4). Noting he currently has "unexhausted claims related to this [P]etition" pending before a state court, Carver requested "a stay from this court in order to exhaust those claims." (*Id.* at #40).

The Warden responded in two ways. First, the Warden opposed Carver's Motion for Stay, noting that Carver's instant grounds for relief had in fact been exhausted in his direct appeals. (Doc. 5, #43). In other words, while he is actively pursuing *additional* claims for relief in state court, Carver exhausted the only two presented here, making a stay unwarranted. (*Id.* at #43, 54). Second, the Warden moved the Court to dismiss Carver's Petition without prejudice, allowing Carver to finish exhausting his pending claims and then consolidate all his grounds into one habeas petition. (*Id.* at #54–55). Carver did not respond to the Warden's requests.

The Magistrate Judge issued the R&R on July 26, 2022, advising the Court to deny Carver's Motion to Stay and dismiss his Petition without prejudice. (Doc. 7, #72) After taking notice that Carver is indeed currently pursuing additional state court relief, the Magistrate Judge recommends "dismissal without prejudice to refiling after resolution of his state-court proceedings" because doing so "will reduce piecemeal litigation and conserve judicial resources." (*Id.* at #73–75). As for Carver's Motion to Stay, the Magistrate Judge noted that both parties agreed that Carver exhausted his two instant grounds, and so no stay was needed. (*Id.* at #73). Further,

2

the one-year statute of limitation on his habeas petition had not yet begun to run, so the Magistrate Judge found no cause to issue a stay. (*Id.* at #74).

The R&R specifically advised the parties that failing to object within the 14 days specified in the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #74); *Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed, and no party has objected to the R&R.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). First, both parties agree Carver's instant Petition raises only exhausted claims. (Doc. 3, #25–26; Doc. 5, #52–53). Therefore, a stay, normally "only … available only in limited circumstance," is unwarranted here. *McKelton v. Shoop*, No. 1:18-cv-134, 2022 WL 2256898, at *2–3 (S.D. Ohio June 23, 2022); *see also Worley v. Bracy*, No. 1:18-cv-50, 2018 WL 4443137, at *2 (N.D. Ohio,

July 11, 2018) ("Where a petitioner presents a petition containing only exhausted claims, courts have held that the stay and abeyance procedure is not available."). Second, the Court agrees that judicial resources are best conserved by dismissing Carver's instant Petition without prejudice so that he may present all his grounds for relief in one consolidated habeas petition. And, should Carver prevail on his pending state case and obtain release, there will be no habeas claim for this Court to consider. *See Gillispie v. Warden*, 771 F.3d 323, 329 (6th Cir. 2014) (citing *Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009)).

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 7). The Court **DENIES** Carver's Motion to Stay Petition (2254) (Doc. 4) and **GRANTS** the Warden's Motion to Dismiss Petition (Doc. 6). Accordingly, the Court **DISMISSES** Carver's Petition (Doc. 3) **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

October 5, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**